IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

ASHLEY N. BLIZZARD, and
AARON C. AMORE, TRUSTEE,

    Plaintiffs,

v.

SYNCHRONY BANK,

    Defendant.

ELECTRONICALLY FILED
Jan 05 2018
U.S. DISTRICT COURT
Northern District of WV

Case No.: 3:18-cv-2 (Groh)
(formerly No. CC-33-2017-C-58
in the Circuit Court of
Morgan County, W. Va.)

## NOTICE OF REMOVAL

Defendant Synchrony Bank ("Synchrony") hereby jointly removes *Ashley N. Blizzard and Aaron C. Amore, Trustee v. Synchrony Bank*, No. CC-33-2017-C-58, from the Circuit Court of Morgan County, West Virginia, to the United States District Court for the Northern District of West Virginia, Martinsburg Division. Synchrony removes this action pursuant to 28 U.S.C. § 1441(a). This Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). As grounds for removal, Synchrony states as follows:

    1.    The Plaintiffs commenced this action by filing a complaint on December 5, 2017, in the Circuit Court of Morgan County, West Virginia. (*See* Ex. A, at Compl.) The Complaint names Synchrony as the sole defendant. (*Id.* at Compl.)

    2.    On December 5, 2017, the Plaintiffs caused a copy of the Complaint and Summons to be served on Synchrony through U.S. Mail. (*Id.* at Summons.) Synchrony received the Complaint and Summons on December 8, 2017. (*See* Ex. A, at Compl. p. 1; Ex. B, USPS Mail Tracking.)

3. No further proceedings have taken place in this civil action in the Circuit Court of Morgan County, West Virginia.

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, or orders served upon Synchrony in Civil Action No. CC-33-2017-C-58 are attached hereto as **Exhibit A**.

## SUBJECT-MATTER JURISDICTION EXISTS

5. This Court possesses subject-matter jurisdiction over this removed civil action under 28 U.S.C. §§ 1331 and 1337, as the Plaintiffs have alleged causes of action arising under federal law and the Plaintiffs' state law causes of action arise out of the same case or controversy.

6. Plaintiffs' claims all arise out of the allegation that Plaintiff Ashley N. Blizzard[1] revoked her consent to communicate with her regarding her indebtedness to Synchrony and that Synchrony placed telephone calls to her despite this revocation of consent. (Ex. A, Compl. ¶¶ 15–18.)

7. The second "Count III"[2] of the Complaint alleges that Synchrony violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, in placing telephone calls to Ms. Blizzard after revocation of consent. (Ex. A, Compl. ¶¶ 54–56.) The Court has federal-question jurisdiction over this claim. *See Mims v. Arrow Financial Svcs., LLC*, 565 U.S. 368, 372 (2012) ("We hold . . . that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.").

8. The Court has supplemental jurisdiction over the Plaintiffs' remaining claims. All of Plaintiffs' state law claims arise out of the same nucleus of operative facts, namely, that

---

[1] Plaintiff Aaron C. Amore is the Chapter 7 Trustee of Ms. Blizzard's bankruptcy estate, (Ex. A, Compl. ¶ 6), and appears to be jointly pursuing Ms. Blizzard's claims against Synchrony on behalf of her bankruptcy estate.
[2] The Complaint has two counts labeled "Count III."

Synchrony continued to attempt to call Ms. Blizzard regarding her indebtedness despite her request that such calls cease. (*See* Ex. A, Compl. ¶¶ 42–45, 49–50, 52.) Accordingly, the Court possesses supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367; *White v. County of Newberry, S.C.*, 985 F.2d 168, 173 (4th Cir. 1993) ("[S]upplemental jurisdiction is not limited to restatements of the same basic ground for recovery. Supplemental claims may be separate claims, *or* they may merely be different 'counts' or 'grounds' or 'theories' in support of what is essentially a single claim. The claims need only revolve around a central fact pattern." (internal citation and quotation marks omitted) (quoting 28 U.S.C. § 1367 Practice Commentary)).

### REMOVAL IS TIMELY

9. This Notice of Removal has been timely filed, as Synchrony has removed this action within 30 days of its actual receipt of the Complaint through formal service on December 8, 2017. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

### VENUE IS PROPER

10. The United States District Court for the Northern District of West Virginia, Martinsburg Division, is the appropriate court for removal jurisdiction in this civil action because it encompasses Morgan County, West Virginia. 28 U.S.C. § 1446(a).

### NO ADDITIONAL CONSENT OR JOINDER REQUIRED

11. Synchrony is the sole defendant in this action, and no other party's consent or joinder is required. *See* 28 U.S.C. § 1446(b)(2)(A).

## NOTICE TO STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), a true copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Morgan County, West Virginia, and will be served on Plaintiffs through their counsel.

## RESERVATION OF RIGHTS

13. Synchrony reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of removal.

14. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

15. No previous application has been made for the relief requested herein.

## CONCLUSION

WHEREFORE, Synchrony hereby gives notice of the removal of this civil action from the Circuit Court of Morgan County, West Virginia, to the United States District Court for the Northern District of West Virginia, Martinsburg Division.

 /s/ Joseph K. Merical
Bryant J. Spann, Esq. (WVSB No. 8628)
M. David Griffith, Jr., Esq. (WVSB No. 7720)
Joseph K. Merical, Esq. (WVSB No. 11646)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338
Phone: 304.414.1800
Fax:    304.414.1801
bspann@tcspllc.com
dgriffith@tcspllc.com
jmerical@tcspllc.com
*Counsel for Synchrony Bank*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG DIVISION

ASHLEY N. BLIZZARD, and
AARON C. AMORE, TRUSTEE,

    Plaintiffs,

v.                                                                    Case No.: _____
                                                                      (formerly No. CC-33-2017-C-58
SYNCHRONY BANK,                                                       in the Circuit Court of
                                                                      Morgan County, W. Va.)

    Defendant.

## CERTIFICATE OF SERVICE

I, Joseph K. Merical, counsel for Defendant Synchrony Bank, do hereby certify that I electronically filed the **"NOTICE OF REMOVAL"** with the Clerk of the Court using the CM/ECF filing system, which will send notification of the filing to the following, on this 5th day of January, 2018:

    Aaron C. Amore, Esquire
    Amore Law, PLLC
    206 West Liberty Street
    P.O. Box 386
    Charles Town, WV  25414
    aaron@amorelaw.com
      *Counsel for Plaintiffs*

    */s/Joseph K. Merical*
    Joseph K. Merical (WVSB No. 11646)
    THOMAS COMBS & SPANN, PLLC
    300 Summers Street, Suite 1380
    P.O. Box 3824
    Charleston, WV 25338
      *Counsel for Defendant Synchrony Bank*