# EXHIBIT A

| Court: | Circuit | County: | 33 - Morgan | Case Number: | CC-33-2017-C-58 |
|---|---|---|---|---|---|
| Judge: | Laura Faircloth | Created Date: | 12/5/2017 | Status: | Open |
| Case Type: | Civil | Case Sub-Type: | Other | Security Level: | Public |
| Style: | Ashley Blizzard v. Synchrony Bank | | | | |

| # | Created Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 12/5/2017 11:17:48 AM | E-Filed | | Complaint |
| 2 | 12/5/2017 11:17:48 AM | Judge Assigned | J-33001 | Laura Faircloth |
| 3 | 12/5/2017 11:17:48 AM | Party Added | P-001 | Ashley Blizzard |
| 4 | 12/5/2017 11:17:48 AM | Party Added | P-002 | Aaron Amore, Trustee |
| 5 | 12/5/2017 11:17:48 AM | Party Added | D-001 | Synchrony Bank |
| 6 | 12/5/2017 11:17:48 AM | Attorney Listed | P-001 | A-6455 - Aaron Amore |
| 7 | 12/5/2017 11:17:48 AM | Attorney Listed | P-002 | A-6455 - Aaron Amore |
| 8 | 12/5/2017 11:17:48 AM | Service Requested | D-001 | Plaintiff - Certified Mail |
| 9 | 12/12/2017 11:04:57 AM | E-Filed | | Service Return - Return of Service |

E-FILED | 12/5/2017 11:17 AM
CC-33-2017-C-58
Morgan County Circuit Clerk
Melanie Shambaugh

IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

ASHLEY N. BLIZZARD,

    Plaintiff,
and

AARON C. AMORE, TRUSTEE
    Plaintiff,
v.

SYNCHRONY BANK

    Defendant.

CK-19-2017-C-
(Judge Faircloth)

RECEIVED DEC 08 2017 BY:

## COMPLAINT

Plaintiffs, Ashley Blizzard, and Aaron C. Amore, Trustee, by counsel, Aaron C. Amore and Amore Law, PLLC allege and aver as follows:

### PRELIMINARY STATEMENT

1. West Virginia law prohibits debt collectors from making fraudulent, deceptive, or misleading representation and from collecting debts by using unfair or unconscionable means. In fact, the West Virginia Consumer Credit and Protection Act (hereafter "WVCCPA") mandates that debt collection be accomplished by means that are honest, transparent and fair. The Telephone Consumer Protection Act (TCPA) regulates communications made to consumer's cellular telephones.

### NATURE OF ACTION

2. This is an action brought under the West Virginia Consumer Credit and Protection Act 46A-2-101 et seq.

3. This is an action brought under the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et seq.

4. This action is also brought pursuant to Common Law Negligence and the tort of Invasion of Privacy

# SERVED PARTIES

**Name:** Synchrony Bank

**Address:** Margaret M. Keene, CEO 170 West Election Road, Suite 125, Draper UT 84020

**Days to Answer:** 20          **Type of Service:** Plaintiff - Certified Mail

# COVER SHEET

E-FILED | 12/5/2017 11:17 AM
CC-33-2017-C-58
Morgan County Circuit Clerk
Melanie Shambaugh

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MORGAN COUNTY WEST VIRGINIA

**Ashley Blizzard v. Synchrony Bank**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**Judge:** Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:** Civil   **Complaint Type:** Other

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☐ Yes  ☑ No   **Case will be ready for trial by:**

**Mediation Requested:** ☑ Yes  ☐ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Aaron Amore, 206 W Liberty St, Charles Town, WV 25414

# SUMMONS

E-FILED | 12/5/2017 11:17 AM
CC-33-2017-C-58
Morgan County Circuit Clerk
Melanie Shambaugh

## IN THE CIRCUIT OF MORGAN WEST VIRGINIA
### Ashley Blizzard v. Synchrony Bank

Service Type:   Plaintiff - Certified Mail

NOTICE TO:   Synchrony Bank, Margaret M. Keene, CEO, 170 West Election Road, Suite 125, Draper, UT 84020

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Aaron Amore, 206 W Liberty St, Charles Town, WV 25414

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 12/5/2017 11:17:45 AM | /s/ Melanie Shambaugh |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____        _____
Date                    Server's Signature

## JURISDICTION AND VENUE

5. The Plaintiff, Ashley Blizzard, (hereafter "Plaintiff" or "Blizzard") is a citizen and resident of the State of West Virginia.

6. Aaron C. Amore (hereafter "Trustee") is the duly appointed chapter 7 Trustee in the bankruptcy case styled in re Ashley N. Blizzard, Case No 17-bk-00606, pending in the United States Bankruptcy Court for the Northern District of West Virginia.

7. Venue is proper for this Court because the acts and transactions occurred in the State of West Virginia, Plaintiff resides here, the Defendant Credit One Bank, N.A. is a national bank which transacts business in West Virginia.

## FACTUAL ALLEGATIONS

8. The Plaintiff, Ashley N. Blizzard, (hereafter "Blizzard") is a person who falls under the protection of Article 2 of the WVCCPA and is entitled to the remedies set forth in Article 5 of the WVCCPA.

9. Blizzard incurred a financial obligation that was primarily for personal, family or household purposes and it is therefore a "claim" as that term is defined by *West Virginia Code* §46A-2-122(b).

10. That Blizzard is a "consumer" as that term is defined by *West Virginia Code* §46A-2-122(a).

11. The Defendant, Synchrony Bank (hereafter "Synchrony" or "Defendant") is a foreign corporation which transacts business in West Virginia and has its principal office at 170 West Election Road, Suite 125, Draper, UT 84020

12. That Synchrony is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia.

13. That Synchrony is a "debt collector" as that term is defined by *West Virginia Code* §46A-2-122(d).

14. That the actions of Synchrony are "debt collection" as that term is defined by *West Virginia Code* §46A-2-122(c).

15. That Blizzard owed an obligation to the Defendant fell past due on her payments.

16. That the Defendant did initiate collection activities in the form of debt collection telephone calls made to the Blizzard's cellular telephone number ###-###-5142.

17. That Blizzard informed the Defendant through its agents that she wanted the debt collection calls to stop, thus revoking any consent she had previously provided.

18. That Synchrony continued to communicate directly with Blizzard through the use of telephonic debt collection communications to her cellular telephone.

19. That upon information and belief, Synchrony employed a computerized automated dialing system to place some or all of the telephone calls to the Plaintiff.

20. The Defendant's acts as stated hereinabove constitute multiple violations of the WVCCPA.

21. The WVCCPA is a fee-shifting statute. This means that, if the Plaintiff proves that the Defendant violated any of the provisions of the WVCCPA, the Plaintiff is entitled to an award of the Plaintiffs' attorney's fees at an hourly rate and litigation costs to be paid by the Defendant.

22. The Defendants are liable for the acts of its employees and agents under theories of respondeat superior, agency, conspiracy, joint venture or joint enterprise.

23. Because of Defendant's illegal acts, the Plaintiff, Trustee, was forced to retain counsel thereby incurring attorney fees and costs.

24. TCPA § 227(b) regulates autodialer and artificial or prerecorded voice calls to cellular and residential phones.

25. 47 U.S.C. § 227(b) regulates so-called "robocalls"—calls placed using an automated telephone dialing system ("ATDS"), and calls using an artificial or prerecorded voice.

26. Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits calls using an artificial or prerecorded voice, and ATDS calls—other than emergency calls or calls placed with the prior express consent of the called party. *Id.* § 227(b)(1)(A).

27. With respect to residential telephone lines, the statute prohibits all calls using an artificial or prerecorded voice—again, other than emergency calls or calls made with prior express consent. *Id.* § 227(b)(1)(B).

28. In other words, with respect to nonconsensual, nonemergency calls to *cell phones*, both ATDS and artificial/prerecorded voice calls are prohibited; with respect to nonconsensual, nonemergency calls to *residential phones*, only artificial/prerecorded voice calls are prohibited.

29. The TCPA requires prior express consent from the called party with respect to calls placed to both cell phones and residential phones. Prior express consent is consent that is clearly and unmistakably conveyed by the call recipient to the party placing the call; implied consent is not sufficient.

*30.* Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the Court finds the defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1500 per violation. *Id.*

31. The TCPA imposes liability on entities that do not directly place illegal calls.

32. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

33. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

34. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

35. The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. *In re Joint Pet. Filed by Dish Network,* 28 FCCR 6574 (2013).

36. In or about December 2016 through August of 2017, Blizzard received numerous illegal prerecorded message calls utilizing at ATDS on her cellular telephone, (xxx) xxx-5142.

37. These automated calls were placed by or at the direction of one or more Synchrony though use of an automated dialing system.

38. Synchrony is liable under all Counts for placing calls as alleged herein.

39. Synchrony is liable under Count V (47 U.S.C. § 227(b)(1)) because it or its agents used an ATDS or artificial or prerecorded voice to place nonexempt calls to cellular or residential telephones without the recipient's prior express consent.

40. That these debt collection actions occurred in or about December 2016 through August 2017.

## COUNT I
## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

41. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

42. The Defendant communicated and/or attempted to communicate with the Blizzard on multiple occasions from December 2016 through August 2017, in an attempt to collect its debt, after it was informed by the Plaintiff not to communicate with him in violation of West Virginia Code §§ 46A-2-125 and 46A-2-128.

43. The Defendant, Synchrony, communicated and/or attempted to communicate with the Plaintiff, Blizzard, through the use of repeated telephonic collection calls and written communications from December 2016 through August 2017, in an attempt to collect its debt and did unreasonably abuse or oppress the Plaintiff in violation of West Virginia Code § 46A-2-125.

44. That the Defendants Synchrony did use fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims December 2016 through August 2017 in violation of West Virginia Code § 46A-2-127.

45. The Defendants did employ unfair methods or deceptive acts or practices in the conduct of its business in violation of West Virginia Code §46A-6-104.

46. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II
## COMMON LAW NEGLIGENCE

47. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

48. The Defendant, Synchrony, negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the state and federal collection laws.

49. That the Defendant, Synchrony, was advised not to communicate with Blizzard telephonically yet persisted with said telephonic debt collection calls.

50. The Defendant, Synchrony, negligently continued communicated with the Plaintiff in an effort to collect its debt collection after they were informed that such communications were not wanted.

51. As a result of the Defendants' actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiff specifically direct it to cease all telephonic communications with her in violation of the state and federal collection laws;

    b. Defendant has adopted policies and procedures without regard to state and/or federal collection laws and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c. Insofar as Defendants' violations of the state and/or federal collection laws are deemed to be willful, such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

53. As a result of the Defendants' actions, the Plaintiff has suffered emotional distress. As a result of the Defendants' actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III
## TCPA CLAIMS
### Violation of § 227(b)(1)

54. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

55. Synchrony violated 47 U.S.C. § 227(b)(1) by initiating telephone calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the Blizzard, or using an artificial or prerecorded voice to a residential telephone number without the prior express consent of the Blizzard or after consent has been withdrawn. Further, such calls were note made for emergency purposes.

56. As a result of the Defendants' actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs Blizzard and Aaron Amore, Trustee, demand judgment against the Defendant Synchrony as follows:

a) Actual damages for the past and future violations of WVCCPA as authorized by *West Virginia Code* §46A-5-101(1);

b) Statutory penalty in the maximum amount authorized by *West Virginia Code* §46A-5-101(1);

c) Statutory penalty, as adjusted for inflation for each violation by the Defendants authorized by *West Virginia Code* §46A-5-106;

d) Plaintiffs' cost of litigation, including attorney's fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

e) The Plaintiffs be awarded general damages for the Defendants' negligence as alleged in the Complaint;

f) Damages for emotional distress, annoyance and inconvenience;

g) For each violation of the TCPA, a $500 penalty awarded to Plaintiff;

h) For each willful or knowing violation of the TCPA, a $1500 penalty awarded to Plaintiff;

i) Award such other and further relief as this Court may deem just and proper.

Respectfully submitted,
**Ashley N. Blizzard, Pro Se**
**Aaron C. Amore, Trustee**
**By Counsel**

*/s/Aaron C. Amore*
Aaron C. Amore, Esquire, WVSB No. 6455
AMORE LAW, PLLC
206 West Liberty Street
P.O. Box 386
Charles Town, WV 25414
Phone: 304-885-4111
Facsimile: 866-417-8796
E-mail: aaron@amorelaw.com

IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

ASHLEY N. BLIZZARD,

    Plaintiff,

and

AARON C. AMORE, TRUSTEE
    Plaintiff,

v.                                                            CK-19-2017-C-
                                                             (Judge Faircloth)

SYNCHRONY BANK

    Defendant.

I, ASHLEY N. BLIZZARD, declare as follows:

I am a Plaintiff in the above-entitled action.

I have read the foregoing Complaint and know its contents. The matters stated in the Complaint are true of my own knowledge, except for those items which are alleged on my information and belief, and as to those items, I believe them to be true.

I, ASHLEY N. BLIZZARD, certify under penalty of perjury under the laws of the State of West Virginia, that the foregoing is true and correct.

Executed on the 1st day of Dec, 2017.

                                                                        ASHLEY N. BLIZZARD

STATE OF WEST VIRGINIA
COUNTY OF ~~Wes~~ Mineral, to wit:
~~CSt~~

Subscribed, sworn to, and acknowledged before me by ASHLEY N. BLIZZARD, on this 1st day of December, 2017.

_____
NOTARY PUBLIC

My Commission Expires: August 24, 2019

OFFICIAL SEAL
Notary Public
State of West Virginia
Cindy S. Shreve
P. O. Box 760
Fort Ashby, WV 26719
My Commission Expires
August 24, 2019

*Page 2 of 2*



endicia.com

071S00777793

US POSTAGE AND FEES PAID
FIRST-CLASS
Dec 05 2017
Mailed from ZIP 25414
2 oz First-Class Mail Letter

Amore Law PLLC
206 W LIBERTY ST
CHARLES TOWN WV 25414-1520

USPS CERTIFIED MAIL

9414 8108 9876 5002 1471 32

Synchrony Bank
Synchrony Bank Margaret M. K̶̶̶̶
170 W ELECTION RD STE 12!
DRAPER U̶ ̶̶̶̶ ̶425